THOMAS U. WILKES, plaintiff in error, *vs.* J. H. McCLUNG & Co., defendants in error.

1. To the cross-question in interrogations, who is present at the execution of these interrogatories? the witness answered: Charles H. Smith and ——— are the only persons present: *Held* to be a sufficient answer.

2. In a suit against the father for goods, etc., furnished by the plaintiff to the son, he being a minor, it is competent for the plaintiff to show that he furnished goods of like character, and for a similar amount, to the son the year previous to the contracting of the account sued on, and that this first account was paid by the father without objection, as a recognition, by the father, of the right of the son to buy goods at his credit and on his account.

Complaint, in Fulton Superior Court. Tried before Judge BULL, at the November adjourned Term, 1860.

The facts presented by the record are substantially as follows:

During the years 1855 and 1856 the son of Thomas U. Wilkes was going to school in the village of Cave Springs,

away from home. He was about seventeen years of age, and during the year 1855 he purchased goods from Messrs. J. H. McClung & Co., of Rome, Georgia, on his father's account, amounting to $73 63, the items of which were various articles of clothing. This account was paid by Thomas U. Wilkes on the 29th of November, 1855, without complaint, hesitation, or cavil, and without repudiation of his son's authority to bind him for the goods, and without giving any notice or making any request that in future his son should not be furnished with goods on his (the father's) account. Wilkes instructed Mr. Sparks, with whom his son was boarding, that merchants were not to sell his son any goods without instructions from him, and Sparks communicated the instructions to the merchants at Cave Springs. Sparks gave no order to plaintiff to furnish the boy with goods in the year 1856. In the year 1856 Wilkes' son again purchased, on his father's account, from J. H. McClung & Co, a bill of goods amounting to the sum of $63 20. All the items of the account were for clothing, except two items, as follows: "One gold breast-pin, $5 00; three gold shirt buttons, $2 55." The son was sufficiently supplied by his father with all necessary clothing. Wilkes refusing to pay this last account, suit was brought thereon against him by J. H. McClung & Co.

Before the case was submitted to the jury on the appeal, an objection was taken by the counsel for the defendant to the depositions of George R. Ward, one of the witnesses, on the ground that a portion of the cross-interrogatories was not fully answered.

The following is a copy of the interrogatory and the answer, to-wit:

"Who is present at the execution of these interrogatories?"

"Charles H. Smith and ———— are the only persons present at the execution of these interrogatories."

Counsel for defendant also objected to that portion of the evidence showing a payment of the account in 1855, as irrelevant.

Wilkes *vs.* McClung & Co.

Both of the objections were overruled by the Court and the testimony admitted.

When the testimony was closed, the presiding Judge, amongst other things, charged the jury: "That if the defendant's son had contracted a running account with the plaintiffs during the year 1855, and the defendant paid it without objection, or notice to the plaintiffs not to credit him further, that the plaintiffs had a right to infer that the minor was authorized by the defendant to continue to purchase of them similar articles to a reasonable amount." Also, "That if a person is in the habit of allowing his son or servant to purchase goods on credit, and pays for the same without expressing any objection to the credit given, it raises an implied authority to sell said son or servant other goods of like kind and amount."

Counsel for defendant requested the Court to charge the jury: "That the plaintiffs were not entitled to recover, as the goods furnished appeared, from the items, not to be necessaries."

The Court refused so to charge, but did charge explicitly: "That the plaintiff in this case had no right to recover on the ground that the goods furnished were necessaries, as there was no evidence whatever that they were necessaries. But if entitled to recover at all, it was only on the ground of implied authority to furnish the defendant's son with the goods."

The jury found for the plaintiffs the amount of the account sued on.

Counsel for defendant then moved for a new trial, on the grounds:

1. Because the Court erred in overruling the objection of defendant's counsel to the depositions of Ward, because the cross-interrogatory aforesaid was not fully answered.

2. Because the Court erred in admitting evidence of the payment of the account in 1855.

3. Because the Court erred in his charge and refusal to charge as requested, as hereinbefore stated.

The Court refused the new trial, and that refusal is the error complained of.

GARTRELL & HILL, for plaintiff in error.

GLENN & COOPER, for defendants in error.

*By the Court.*—LYON, J., delivering the opinion.

The objection to the answers to the interrogatories of the witness George R. Ward was not well taken, and was properly overruled. The cross question, " who is present at the execution of the interrogatories?" was answered in this wise by the witness, " Charles H. Smith and ———— are the only persons present at the execution of these interrogatories." This answered the question, whether truly or not, and the Court could not have excluded the interrogatories on the ground that the question had not been answered, for it had been. It was insisted that as only one person was named, and a blank left, followed by the expression, " are the only persons ." that other persons were present, among whom might have been the plaintiffs ; so there might have been, but the evidence can not be excluded on a mere supposition unsupported by fact. The natural explanation of the blank is, that Charles H. Smith, the person named, was the commissioner who wrote out the answers, and at the time this answer was written was the only person present, and the blank left for the insertion of the name of the other commissioner when he should come in, and the answers sworn to, and the filling of the blank was subsequently overlooked.

2. The next objection was to the relevancy of the proof of the account of 1855, made like this, that forms the subject matter of this suit, by the son of defendant, with the plaintiff during that year, and its payment by his father, the defendant, without objection. The Court overruled the objection, and we think, properly. The payment of the account of 1855 being similar in amount and items in many respects, was a recognition of the right of the son to buy goods on the from this fact that the son was authorized to buy goods on credit of the father. The plaintiffs had a right to presume

Wilkes *vs.* McClung & Co.

the credit of the father. To prove the authority of the agent in a particular transaction, it is competent for the party to give evidence of his conduct and dealings in other cotemporaneous affairs of the principal, from which a general agency might be inferred. Cobb vs. Smith, 4 Green., 503. A master will be liable for a contract made by his servant if he has authorized him in any instance to buy of the plaintiff, and a general agency, to order goods on credit may be inferred from repeated recognized instances in which the servant has ordered goods on credit of other tradesmen. 4 Phill. Ev., 109, 110. "Presumptions from a man's conduct operate in the nature of admissions for or against himself. It is to be presumed that a man's actions and representations correspond to the truth." Starkie on Ev., 1253. As that a man will not pay a debt which is not due, or acknowledge the existence of a debt to which he is not liable. *Ib.* Thus the father would not have paid the debt or account of 1855, unless he had been liable for it, and he was not liable for it unless he had authorized the son to buy the goods on a credit, and as he paid the account without objection, and the son continued to buy goods of a similar character, the presumption is that the authority to charge him, the father, still continued.

When this case was before the Court previously, 29 Ga., 381, the Court had an impression, either from the imperfectness of that record, or otherwise, that the plaintiffs were a part of the merchants who had notice not to sell his son goods on a credit. This was not the fact. The merchants who were notified not to sell the son goods were the merchants of Cave Spring. The plaintiffs were merchants residing and doing business at Rome when the goods were sold, and they had no such notice. Notice to the merchants at Cave Spring not to sell goods to the son on a credit is not notice to the merchants of Rome, or these plaintiffs.

For these reasons the charge, as made by the Court to the jury, was not erroneous, but properly given, and so of the refusal by the Court to charge, as requested by counsel for plaintiff, and the motion for a new trial was rightly refused.

Let the judgment be affirmed.